IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT JAMES MCSHAN, ) | |
| ID # 309411, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:06-CV-1159-L (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a denial of sentence credit for time spent in custody on pre-revocation warrants.[1] Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

In 1980, petitioner was found guilty of first degree burglary of a habitation with intent to commit theft and sentenced to life in prison. S.H. Tr.-04[2] at 01. On October 28, 1987, he was

---

[1] The petition filed in this action indicates that petitioner challenges his burglary conviction in Cause No. F80-06661-LN wherein he received a life sentence. His only claim, however, challenges a denial of a sentence credit for 228 days he allegedly spent in custody prior to the revocation of his parole on January 4, 2004, due to his conviction in Cause No. F93-02118-KQ.

[2] "S.H. Tr.-04" denotes the state habeas records attached to *Ex parte McShan*, No. 12,845-04, slip op. (Tex. Crim. App. Apr. 20, 1994).

paroled for that offense. (*See* Ex. A attached to Answer.) On June 27, 1989; January 29, 1990; and September 18, 1992, warrants were issued for his arrest and were respectively withdrawn on September 19, 1989; August 31, 1990; and January 19, 1993. (*Id.* at 2-7.) Based on a burglary conviction in Cause No. F93-02118-KQ, his parole was revoked on January 4, 1994. (*Id.* at 8.)

On March 1, 2004, and September 23, 2004, petitioner filed time dispute resolution ("TDR") forms with the TDCJ Classification and Records Office that were respectively denied on September 2, 2004, and April 18, 2005. S.H. Tr.-06[3] at 22-23. On August 17, 2005, petitioner filed a state application for writ of habeas corpus to challenge the time credit denial. (*See id.* at 2.) The Texas Court of Criminal Appeals denied that application without written order on May 24, 2006. *See Ex parte McShan*, No. 12,845-06, slip op. at 1 (Tex. Crim. App. May 24, 2006).

In June 2006, petitioner filed an unsigned federal petition. In July 2006, he filed a signed version. (*See* Am. Pet. Writ Habeas Corpus ("Am. Pet.") at 9.) Although he checks a box on the standard federal petitions to indicate that he challenges "[a] judgment of conviction or sentence, probation or deferred-adjudication probation," it is clear from his claim that he actually challenges the denial of time credit related to the revocation of his probation in January 2004. (*See id.* at 2, 7.) He claims that he is being held unlawfully due to a violation of double jeopardy because he is forced to serve 228 days that he already served and for which he did not receive credit. (*Id.* at 7.)

In August 2006, petitioner filed answers to a Magistrate Judge's Questionnaire ("MJQ") wherein he states that he accrued the time credits at issue in this case between January 1, 1988, and March 1, 1993. (*See* Answer to Question 2 of MJQ.) He also states that he discovered the denial

---

[3] "S.H. Tr.-06" denotes the state habeas records attached to *Ex parte McShan*, No. 12,845-06, slip op. (Tex. Crim. App. May 24, 2006).

2

of the 228 days credit on April 3, 2000.  (*See* Answer to Question 5 of MJQ.)

On March 1, 2007, respondent filed a motion to transfer venue and alternate answer to the instant habeas petition.[4]  (*See* Resp.'s Mot. Transfer Venue & Alternative Answer with Br. in Supp. at 3-4.)  Respondent contends that the instant petition is untimely, procedurally barred, and fails to state a federal constitutional violation.  (*Id.* at 1.)  Petitioner has filed no reply brief.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant federal petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known

---

[4]  Respondent recognizes that this Court has habeas jurisdiction over this action, and that the interests of judicial economy favors disposition of the petition in this Court.  He primarily seeks a transfer to the Eastern District of Texas in the event that an evidentiary hearing is necessary.  Judicial economy does not favor a transfer at this juncture, and because an evidentiary hearing is unnecessary, convenience to witnesses is not an issue.  The motion to transfer is therefore **DENIED**.

through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Because the instant challenge is not directed toward his holding convictions, the finality of his judgments of conviction under subparagraph (A) likewise provide no proper starting point for determining the timeliness of this action. For purposes of this action, the Court will calculate the one-year statute of limitations under subparagraph (D) – the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claim. More specifically, the Court will calculate the limitations period from April 3, 2000, the date that petitioner contends he discovered the denial of the 228-day time credits.[5]

Because petitioner filed his federal petition more than one year after he discovered the factual predicate of his claim, a literal application of § 2244(d)(1) renders his federal petition untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which he had a habeas application or other collateral review pending before the state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d

---

[5] The Court makes no determination that petitioner could not have learned of the denial prior to that date but merely defers to petitioner's alleged date of discovery.

4

650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his first TDR on March 1, 2004, and his state habeas application challenging the denial of time credits on August 17, 2005, the statutory tolling period had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed in 2006. Further, petitioner has filed nothing to indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Accordingly, the instant habeas action falls outside the statutory period and should be deemed untimely.

## IV. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 25th day of October, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE