IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ROBERT JAMES McSHAN, #309411**, §
§
Petitioner, §
v. § Civil Action No. **3:06-CV-1159-L**
§
**NATHANIEL QUARTERMAN, Director**, §
**Texas Department of Criminal Justice**, §
**Correctional Institutions Division**, §
§
Respondent. §

# ORDER

Before the court are the Findings, Conclusions and Recommendations of the United States Magistrate Judge, entered October 25, 2008. Petitioner timely filed objections to the findings and recommendation on November 10, 2008.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Magistrate Judge Irma C. Ramirez found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 and that Petitioner was not entitled to equitable tolling. Petitioner objects because he contends that the failure to credit him for time spent in custody on pre-revocation warrants violates the Double Jeopardy clause of the United States Constitution and that there was a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), in the state courts. The court **overrules** this objection because Petitioner does not dispute that he learned that he did not receive credit for time served on April 3, 2000. Thus, regardless of whether his claims have merit, more than one year has passed since he learned of these claims, and they are therefore barred by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).

**Order – Page 1**

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus as barred by the one-year limitations period.

**It is so ordered** this 14th day of November, 2008.

Sam A. Lindsay
United States District Judge